UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE L. BRADLEY,

       Plaintiff,

vs.

JO ANNE B. BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

Civil Action No.
04-CV-72326-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, and GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

      This matter is presently before the court on cross motions for summary judgment. Magistrate Judge Steven Whalen has submitted a report in which he recommends that the court deny plaintiff's motion and grant defendant's motion. Plaintiff has objected to the report and recommendation and defendant has responded to plaintiff's objections.

      In a case such as this, the court's role is limited under 42 U.S.C. § 405(g) to determining whether defendant's decision is supported by substantial evidence. In making this determination, the court does not review the evidence *de novo*, and it may not weigh the evidence or make credibility findings. If supported by substantial evidence, defendant's decision must be upheld even if substantial evidence also would have supported a contrary decision.

      In the present case, the administrative law judge found that although plaintiff cannot perform his past work, he retains the residual functional capacity to perform a limited range of

unskilled, light-level work.  The magistrate judge believes this finding is supported by substantial evidence and therefore recommends that summary judgment be granted for defendant.  Plaintiff objects on the grounds that because of his leg pain he is limited to sedentary work, and under the medical-vocational guidelines he would in that case be presumed to be disabled.

The vocational expert testified that if plaintiff must elevate his leg frequently throughout the day, as plaintiff testified, then he would be unable to do any work (Tr. 128).  The ALJ did not credit this portion of plaintiff's testimony because it is "not substantiated by the record" (Tr. 20).  Plaintiff argues that the ALJ should have credited this testimony because the record contains medical evidence of abnormal Doppler studies showing vessel blockages in his legs and an abnormal EMG of his left leg (Tr. 99, 108, 109), all of which "provide objective evidence of a medical condition that can reasonably be expected to give rise to the Plaintiff's limitations, pain and symptoms."  Pltf's Objections, pp. 2-3.

As the magistrate judge correctly notes, the record contains no medical opinion supporting plaintiff's claimed need to elevate his leg for extended periods several times per day.  To the contrary, plaintiff's treating physician, Dr. Pollak, indicated in December 2001 that plaintiff was "3 months status post left total knee arthroplasty. . . . *He will plan to return to work in January*, if they can accommodate him on the night shift" (Tr. 90, emphasis supplied).  This opinion was rendered approximately four months after the disability onset date claimed by plaintiff, *see* Tr. 45, and strongly supports the ALJ's decision.[1]  The record does contain medical evidence of a painful

---

[1] The court also notes that on the claimed disability onset date, August 30, 2001, plaintiff was seen by Dr. Pollak, who stated in his office notes that plaintiff "is still working" (Tr. 88). Plaintiff underwent total left knee arthroplasty on September 21, 2001 (Tr. 89), but according to Dr. Pollak's notes, the surgery went well and plaintiff over a period of weeks progressed to the point where Dr. Pollak made the above statement regarding plaintiff's plans to return to work in January 2002.

condition. The ALJ accepted this evidence and incorporated corresponding limitations in his hypothetical question to the vocational expert. The simple fact of the matter is that the record contains no statement from any physician, or from anyone else besides plaintiff, that plaintiff must elevate his leg for expended periods of time throughout the day. Nor is there any other medical evidence that would compel a reasonable fact-finder to accept this part of plaintiff's testimony. Therefore, the ALJ was entitled to disbelieve this testimony and to omit this restriction from the hypothetical question he posed to the vocational expert, who testified to the existence of significant numbers of unskilled, light-level jobs within the restrictions which are supported by the medical evidence.

For these reasons,

IT IS ORDERED that Magistrate Judge Whalen's Report and Recommendation is accepted and adopted as the findings and conclusions of the court. Plaintiff's objections to the Report and Recommendation are overruled.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is granted.

_____s/Bernard A. Friedman_____
Dated: September 7, 2005              BERNARD A. FRIEDMAN
   Detroit, Michigan                 CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.**

_____**/s/ Patricia Foster Hommel**_____
         **Patricia Foster Hommel**
    **Secretary to Chief Judge Friedman**